IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Ricardo Villa Sanchez,<br><br>    Petitioner,<br>v.<br><br>United States of America,<br><br>    Respondent. | NO. CR 02-20013 JW<br>NO. C 06-02279 JW<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255** |

Presently before the Court is Petitioner's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, which the Court construes as a Petition for Writ of Habeas Corpus. (hereafter, "Petition," Docket Item No. 60.) Petitioner is acting in *pro se*.

A.  **Background**

On July 12, 2006, the Court issued an Order directing the government to respond to the Petition. (See Docket Item No. 61.) On July 20, 2006, the government filed a Response.[1]

A prisoner who is in custody under the sentence of a federal court and who claims the right to be released may move the court to vacate, set aside, or correct the sentence on the grounds that (1) the sentence violates the Constitution or laws of the United States; (2) the court did not have jurisdiction to impose the sentence; or (3) the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255. The Court shall issue an order

---

[1] (Government's Response to Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, hereafter, "Response," Docket Item No. 66.)

directing the respondent to show cause why the motion should not be granted unless it plainly appears from the "motion and the files and records of the case . . . that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

Section 2255(f) further provides as follows:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
(1)  the date on which the judgment of conviction becomes final;
(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

On September 17, 2002, Petitioner pleaded guilty to conspiracy to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.[2] Petitioner's plea agreement waived his right to appeal his conviction or sentence. (Response at 1-2.) On December 5, 2002, the Court entered judgment against Petitioner, sentencing him to a term of 210 months imprisonment. (See Docket Item No. 40.) On June 7, 2004, Petitioner filed a notice of appeal to the Ninth Circuit and a motion for appointment of counsel. (See Docket Item Nos. 43, 44.) On July 6, 2004, Petitioner filed a federal habeas petition pursuant to 28 U.S.C. § 2255. (See Docket Item No. 48.) On August 10, 2004, the Court dismissed the Petitioner's habeas petition without prejudice to renewing the petition "upon conclusion of his direct appeal, pursuant to the statute of limitations requirements described in 28 U.S.C. § 2255." (See Docket Item No. 51.)

On November 2, 2004, the Ninth Circuit issued in Order dismissing Petitioner's appeal for lack of jurisdiction because it was filed more than 10 days after the district court's entry of final judgment on December 5, 2002. (See Docket Item No. 54.) On November 29, 2004, the Ninth Circuit issued a judgment dismissing Petitioner's appeal for lack of jurisdiction. (See Docket Item No. 55.) On March 29, 2006, Petitioner filed his present Petition for Writ of Habeas Corpus.

---

[2] (See Plea Agreement, Docket Item No. 36.)

2

B. **Discussion**

In analyzing Petitioner's claim under Section 2255, the Court must first determine from what date the statute of limitations runs. The Court finds that here, the statute runs from the date on which the judgment on Petitioner's conviction became final. See 28 U.S.C. § 2255(f)(1). A conviction becomes final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987). Since Petitioner had ten days from the entry of judgment on December 5, 2002 to file a notice of appeal, pursuant to Fed. R. App. P. 4(b), his conviction became final on December 15, 2002. The Court will consider each of the other three possibilities in turn.

First, there is no indication in the Petition that Petitioner was prevented from moving under Section 2255 by governmental action. See 28 U.S.C. § 2255(f)(2). Second, the right upon which Petitioner bases his claim, that of effective assistance of counsel under the Sixth Amendment, was affirmed by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), long before Petitioner filed his Petition. See § 2255(f)(3).

Third, Petitioner's claim arises out of the following allegations regarding his counsel's inadequate representation: (1) prior to signing the plea agreement, counsel advised him that he would be sentenced to 188 months in prison, but he was ultimately sentenced to 210 months in prison; (2) the government did not prove Petitioner's prior convictions with admissible evidence; and (3) counsel never informed the Court that Petitioner's arresting officer failed to advise him of his right to contact his consulate. The Court does not find in the Petition any reason to conclude that through the exercise of due diligence, Petitioner could not have discovered all of the facts underlying his claim at, or soon after, the time of the Court's entry of final judgment. In fact, the transcript of the Court's proceedings on December 2, 2002 indicate that the Court advised Petitioner directly of the length of sentence being imposed.[3]

---

[3] (See Transcript of Proceedings at 5:6-6:18.)

3

The Court finds that the statute of limitations for Petitioner to bring his claim under § 2255 expired on December 15, 2003, a year after his judgment was rendered and the availability of appeal was exhausted. At the earliest, Petitioner first filed a petition for federal habeas relief on July 6, 2004. Although the Court dismissed Petitioner's first petition pending his appeal to the Ninth Circuit, the Ninth Circuit found that it did not have jurisdiction over the appeal because at the time Petitioner filed his notice of appeal, the ten-day deadline for direct appeals under Fed. R. App. P. 4(b) had long passed. Since Petitioner did not file his first petition for federal habeas relief until well after the statute of limitations had expired, his present Petition is time-barred.

Accordingly, the Court DENIES the Petition for Writ of Habeas Corpus.

## C. Certificate of Appealability

In a § 2255 proceeding, "an applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b). Such certification may issue "only if [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b)(1).

For all of the reasons stated above, Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability will not issue.

## D. Conclusion

The Court DENIES the Petition for Writ of Habeas Corpus. No certificate of appealability shall be issued for this appeal.

Dated: January 22, 2010

JAMES WARE
United States District Judge

4

THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:

John.Glang@usdoj.gov

Ricardo Villa Sanchez
99673-111
G Unit
PO Box 3007 FCI
Terminal Island, CA 90731

Dated: January 22, 2010

Richard W. Wieking, Clerk

By:  /s/ JW Chambers
     Elizabeth Garcia
     Courtroom Deputy